# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ENTERPRISE PROPANE TERMINALS AND STORAGE, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> STERLING TRANSPORT CO., INC.; JEFFREY ARNOLD CHRISTIE, <br><br> *Defendants*. | CIVIL ACTION NO. <br> 5:19-cv-00107-TES |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Defendants removed this Georgia Nonresident Motorist Act[1] negligence action on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See generally* [Doc. 1]. In their Notice of Removal, Defendants claim that Plaintiff Enterprise Propane Terminals and Storage, LLC ("Enterprise") is "organized and existing under the laws of Delaware," while Defendant Sterling Transport Co., Inc. ("Sterling") and Defendant Jeffery Arnold Christie ("Christie") are citizens of North Carolina and Florida, respectively. [*Id.* at p. 2]. Plaintiff now moves to remand the case to the Superior Court of Lamar County, Georgia, because it claims that it is owned by a master limited partnership consisting of members who are citizens of every state in the United States. *See* [Doc. 13]. Having reviewed the parties' briefs and the record, the Court **GRANTS** Plaintiff's motion to remand.

---

[1] O.C.G.A. § 40-12-1 *et seq*.

**FACTUAL BACKGROUND**

In its Complaint, Enterprise claims that Christie negligently drove a truck in the scope of his employment with Sterling, causing the truck's "sleeper cab air dam" to collide with Enterprise's terminal loading dock canopy. [Doc. 1-1, ¶ 11]. The collision caused significant damage to the terminal, and Enterprise seeks to hold Christie liable under the Georgia Nonresident Motorist Act and to hold Sterling liable on a theory of vicarious liability. [*Id.* at ¶¶ 6–8, 12].

After Defendants removed the case to this Court, Enterprise and Sterling filed jurisdictional statements as required under Local Rule 87.1.[2] In its statement, Enterprise explained that it is part of a four-tier subsidiary structure with Enterprise at the bottom of the pyramid and Enterprise Products Partners L.P. ("EPP"), "a publicly held entity formed in Delaware," at the top of the pyramid. [Doc. 12, pp. 1–2].[3] According to the statement and Plaintiff's subsequent motion to remand, EPP is a master limited partnership, and approximately 65% of EPP's members are public "unitholders" residing in every state in the United States, including North Carolina and Florida. [*Id.* at p. 2];

---

[2] "Any nongovernmental corporate party to an action in this court shall file a separate statement identifying all of its parent and subsidiary corporations and listing any publicly held company that owns 10% or more of the party's stock." LR 87.1, MDGa.

[3] Enterprise is a wholly owned subsidiary of Mapletree, LLC; Mapletree, LLC is a wholly owned subsidiary of Enterprise Products Operating, LLC; and Enterprise Products Operating, LLC is directly owned by EPP. [Doc. 12, pp. 1–2].

[Doc. 13, p. 3]. Enterprise now argues that this case should be remanded to state court because there is not complete diversity between the parties. [Doc. 12 at p. 3].

## **DISCUSSION**

### A. **Standard of Review**

Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). For a case to satisfy the "citizens of different states" component of diversity jurisdiction, no plaintiff can be from the same state as any defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Natural persons are considered citizens of wherever they are domiciled—that is, the state where they reside and intend to remain indefinitely. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011) (quoting *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). A corporation is deemed to be a citizen of the state(s) where it is incorporated and where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). On the other hand, an unincorporated association like a general or limited partnership is a citizen of every state in which its members are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1089 (11th Cir. 2010) (quoting *Indiana Gas Co. v. Home Ins.*, 141 F.3d 314, 317 (7th Cir. 1998)).

If challenged, the removing party "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Removal

3

is usually unfavored; therefore, any "ambiguities are generally construed against removal." *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998).

## B. EPP's Citizenship

EPP is a master limited partnership ("MLP"), an entity defined by its similarities to both unincorporated entities (e.g., limited liability partnerships and LLCs) and corporations.

> MLPs are limited partnerships or limited liability companies whose ownership interests, called "common units," are publicly traded. John Goodgame, *New Developments in Master Limited Partnership Governance*, 68 Bus. L. 81, 82 (2012); *Wood v. Walton*, No. WDQ–09–3398, 2010 WL 458574, at *1 n.3 (D. Md. Feb. 2, 2010) (unpublished). MLPs are similar to limited partnerships in that they have general partners who manage the partnership's affairs and limited partners (called "unitholders") who provide capital. *Trafigura AG v. Enter. Prods. Operating LLC*, 995 F. Supp. 2d 641, 643 n.1 (S.D. Tex. 2014). MLPs are classified as partnerships for federal taxation purposes, which allows them to benefit from "pass-through" taxation. *Id.* They are similar to corporations, however, in that MLPs are publicly traded. *See id.* Although MLPs are organized under state law, federal law permits federal pass-through taxation for MLPs engaged predominately in the "exploration, development, mining, or production, processing, refining, [or] transportation . . . of any mineral or natural resource." 26 U.S.C. § 7704(d)(1)(E).

*Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 903–04 (10th Cir. 2015).

Although no court in this circuit has ever considered the citizenship of MLPs, courts outside this jurisdiction agree that MLPs are treated like unincorporated associations for the purpose of diversity jurisdiction.[4] As such, the citizenship of an MLP

---

[4] See *Grynberg*, 805 F.3d at 905 ("[A]n MLP's citizenship consists of its unitholders' citizenship."); *Chace v. Magellan Ammonia Pipeline, L.P.*, No. 8:18CV113, 2019 WL 78996, at *4–5 (D. Neb. Jan. 2, 2019); *Markwest*

4

is determined by the citizenship of each of its unitholders. The overwhelming rationale for this conclusion rests on the Supreme Court's opinion in *Carden v. Arkoma Associates*, 494 U.S. 185 (1990), which has been summarized to establish "a general rule: *every* association of a common-law jurisdiction other than a corporation is to be treated like a partnership" for the purposes of determining citizenship. *Osting-Schwinn*, 613 F.3d at 1087 (emphasis in original) (quoting *Indiana Gas*, 141 F.3d at 317).

The Court sees no reason to deviate from the law established in *Carden* and these other cases, and Defendants provide no compelling reason to do so.[5] Accordingly, EPP is a citizen of every state in which its unitholders are citizens, including North Carolina and Florida. Because Sterling is incorporated in North Carolina and maintains its principal place of business there, and because Christie is a citizen of Florida, there is not complete diversity in this case. Thus, the Court lacks subject-matter jurisdiction and must remand this case to state court.

---

*Liberty Midstream & Res., L.L.C. v. Bilfinger Westcon, Inc.*, No. 5:16-CV-118, 2016 WL 6553591, at *5 (N.D.W. Va. Nov. 4, 2016); *Great Lakes Gas Transmission LP v. Essar Steel Minn., LLC*, 103 F. Supp. 3d 1000, 1010–11 (D. Minn. 2015), *vacated on other grounds by* 843 F.3d 325 (8th Cir. 2016); *Trafigura AG*, 995 F. Supp. 2d at 644–45; *Gonyer v. Enbridge Energy, LP*, No. 1:13-CV-796, 2014 WL 1255915 (W.D. Mich. Mar. 26, 2014); *Ada Cty. Highway Dist. v. Northwest Pipeline GP*, No. 1:12-cv-00184-BLW, 2012 WL 4737869, at *2 (D. Idaho Oct. 3, 2012); *Vosburg v. Williams Field Servs. Co.*, No. 3:11-cv-1624, 2011 WL 3881277, at *2 n.2 (M.D. Pa. Sept. 2, 2011); *Wood*, 2010 WL 458574.

[5] Defendants make much of the fact that no court in this jurisdiction has previously determined the citizenship of MLPs, but it is inherent in the nature of legal practice that someone, somewhere will have to raise a matter of first impression within a circuit and that a court will have to establish the law on that matter. Nevertheless, the Supreme Court's directive in *Carden* is clear, binding, and applicable to this case.

## **CONCLUSION**

There being no diversity between the parties and no federal question at issue in this case, the Court **GRANTS** Plaintiff's Motion to Remand [Doc. 13] and **REMANDS** this case to the Superior Court of Lamar County, Georgia, for further proceedings.

**SO ORDERED**, this 11th day of June, 2019.

<u>s/Tilman E. Self, III</u>
**TILMAN E. SELF, III, Judge**
**UNITED STATES DISTRICT COURT**